IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN CURTICIAN, | ) | |
| Plaintiff, | ) | C.A. No. 07-286 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Cohill |
| UNIT MANAGER KESSLER, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion for Injunctive Relief [Document # 23] be granted.

**II.     REPORT**

Plaintiff Steven Curtician, an inmate at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), has filed a motion for injunctive relief seeking an Order forbidding Defendants from placing him in "dangerous situations" by repeatedly giving him "black Muslim" cellmates. Plaintiff, a self-described "white separatist," claims that these repeated cell assignments are being done in retaliation for his desire to be single celled, and that "the only form of relief is to place himself in [administrative custody] status." (Document # 23 at p. 4).

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir.

1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted).

Plaintiff has failed to meet his burden of showing immediate irreparable injury. During a telephonic hearing held on June 27, 2008, with regard to Plaintiff's injunction motion, Plaintiff expressed his distaste for being celled with inmates who are African-American and/or practitioners of the Muslim faith, a view that this Court finds repugnant; yet, he claims that he has been mislabeled as a racist by Defendants, which has allegedly made him "a target of the black and Muslim population." (Document # 23 at ¶ 10). As a result, Plaintiff believes that Defendants are deliberately placing him in danger of suffering harm at the hands of the "black Muslim" inmates who they repeatedly assign to his cell. To sustain his burden of showing immediate irreparable injury, however, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted). Moreover, Plaintiff admitted that Defendants have encouraged him to enter into a cell agreement with another inmate with whom he would be

compatible, which would eliminate the perceived danger of being celled with an African-American; however, Plaintiff has steadfastly refused to enter a cell contract because it would compromise his ultimate goal of obtaining single cell status. Thus, in essence, Plaintiff is asking this Court to intervene in a matter that he could easily correct himself, but has simply chosen not to. To provide injunctive relief in such circumstances would merely condone bigotry and racial intolerance, rather than promote justice. This the Court will not do.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for injunctive relief [Document # 23] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Date: July 8, 2008